# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **COVENTRY HEALTH CARE OF NEBRASKA, INC. d/b/a** Aetna Better Health of Nebraska,  **Plaintiff,**  vs.  **NEBRASKA DEPARTMENT OF ADMINISTRATIVE SERVICES; NEBRASKA DEPARTMENT OF HEALTH & HUMAN SERVICES; DOUG PETERSON, in his official capacity as Attorney General of the State of Nebraska; BYRON DIAMOND, in his official capacity as Director, Nebraska Department of Administrative Services; COURTNEY PHILLIPS, CEO of the Nebraska Department of Health and Human Services; and CALDER LYNCH, in his official capacity as Director of the Nebraska Department of Health and Human Services Division of Medicaid and Long Term Care,**  **Defendants.** | 4:16CV3094  ORDER |
| **AMERIHEALTH NEBRASKA, INC., d/b/a Arbor Health Plan,**  **Plaintiff,**  vs.  **NEBRASKA DEPARTMENT OF ADMINISTRATIVE SERVICES; NEBRASKA DEPARTMENT OF HEALTH & HUMAN SERVICES; BYRON L. DIAMOND, Director of the Nebraska Department of Administrative Services; FRANCIS BOTELHO, Administrator of the Nebraska Department of Administrative Services Materiel Division;** | 4:16CV3100 |

**COURTNEY N. PHILLIPS**, Chief Executive Officer of the Nebraska Department of Health and Human Services; and
**CALDER LYNCH**, Director of the Nebraska Department of Health and Human Services Division of Medicaid and Long-Term Care,

      Defendants.

  This matter is before the court after the defendants and defendant-intervenors filed a Joint Motion to Consolidate (Filing No. 32 in case 4:16CV3094; Filing No. 26 in case 4:16CV3100). Coventry Health Care of Nebraska, Inc. (Coventry) filed a response (Filing No. 39 in case 4:16CV3094). Coventry indicates it does not oppose consolidation to the extent such consolidation does not delay proceedings. AmeriHealth Nebraska, Inc. did not respond to the defendants' motion.

  Federal Rule of Civil Procedure 42(a) governs consolidation of separate actions and provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure** § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States Envtl. Prot. Agency v. Green Forest***, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, supra, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency,

inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

Upon review of the cases, the court is convinced these actions involve nearly all of the same defendants and the same issues. Additionally, the cases involve common, although not identical, questions of law and fact. The allegations in the plaintiffs' separate complaints indicate the plaintiffs were unsuccessful bidders from Nebraska's 2016 selection of contractors qualified to provide Medicaid managed care programs for physical health, behavioral health, and pharmacy services to eligible Nebraska citizens. The plaintiffs allege federal due process, federal Medicaid regulation, and Nebraska state law violations. Due to the similarities between the cases, the same documents will be part of discovery in both cases and the parties will likely present similar motions and arguments during discovery. Consolidation during the discovery phase will avoid duplicative parallel activities. Consolidation for discovery will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense. Both cases are at an early stage of litigation and pending a motion for preliminary injunction. In the event the proceedings are delayed, such delays will likely impact both cases equally. While Coventry opposed moving the preliminary injunction hearing, the court already rescheduled the hearing for the convenience of the court and the parties. Weighing the relevant factors, the court finds the cases should be consolidated. Nevertheless, the court may separate the cases at a later time, if necessary, prior to trial. Upon consideration,

**IT IS ORDERED**:

1. The defendants' Joint Motion to Consolidate (Filing No. 32 in case 4:16CV3094; Filing No. 26 in case 4:16CV3100) are granted.

2. The two above-captioned cases are consolidated for all purposes.

3. Case No. 4:16CV3094 is hereby designated as the "Lead Case." Case number 4:16CV3100 is hereby designated as the "Member Case."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file

all further documents related to discovery (except those described in paragraph 5) in the Lead Case, No. 4:16CV3094, and to select the option "yes" in response to the System's question whether to spread the text.

     5.    The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

     6.    If a party believes that an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

Dated this 26th day of July, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge